# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Joe Barton, #163629, | ) |
|         Plaintiff, | ) CIVIL ACTION NO. 9:13-3067-RBH-BM |
| v. | ) |
| Mathew Harper, Perry Cor. Medical Staff; Dr. John Tomarchio; Dr. Kocher, Ophth.; William Byars, Jr. Dir. SCDC, | ) **REPORT AND RECOMMENDATION** |
|         Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants because (according to the Plaintiff) he is not receiving adequate care for an eye problem. Plaintiff has now filed a "motion for preliminary injunction" seeking an order from this Court requiring the Defendants to provide him with access to the prison law library Monday through Friday from the hours of 9:00 a.m. to 11:00 a.m. and 12:00 p.m. to 3:00 p.m., except for weekends and holidays until his discovery deadline has ended.

Injunctive relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds



by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)).  In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest.  Winter, 555 U.S. at 20.  All four requirements must be satisfied.  The Real Truth About Obama, Inc., 575 F.3d at 346.  Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief".  The Real Truth About Obama, Inc., 575 F.3d at 346, (citing Winter, 555 U.S. at 19-22).

Here, Plaintiff has failed to show entitlement to injunctive relief through his motion filed with the Court.  First, it is not even clear that the Defendants in this action are the appropriate individuals to provide Plaintiff with the relief he is seeking, even if his motion were to be granted.  Further, there has been no showing by the Plaintiff that he will likely succeed on the merits of this action, nor has he shown a likelihood of irreparable harm if the injunction is not granted.  A review of the docket of this case shows that Plaintiff, notwithstanding his pro se prisoner status, has been able (and continues) to submit numerous motions and other filings with the Court in this case.  The Real Truth About Obama, Inc.,  575 F.3d at 346-347.  Additionally, the issuance of an injunction such is being sought by the Plaintiff would undermine prison officials' ability to effectively manage their prisons and maintain order and discipline, as providing special access times for Plaintiff to the prison



library would likely lead to similar type requests from other prisoners. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008).  Finally, the public interest weighs in favor of policies which encourage order and security in prisons.  Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

Therefore, as Plaintiff has failed to meet the standard for issuance of a preliminary injunction, it is recommended[1] that his motion be **denied**.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 13, 2014
Charleston, South Carolina

---

[1] A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A).  See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

